UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTWONE DORNELL GOOLSBY,<br><br>Petitioner,<br><br>v.<br><br>DOUG GILLESPIE,<br><br>Respondent. | No. C10-5452 BHS/KLS<br><br>ORDER DECLINING TO SERVE PETITION AND GRANTING LEAVE TO AMEND |

Petitioner, Antwone Dorneel Goolsby, is a state prisoner currently incarcerated at the Pierce County Jail, located in Tacoma, Washington. This matter came before the undersigned on Mr. Goolsby's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Dkt. 4. In his petition, Mr. Goolsby states that his liberty is being restrained by Doug Gillespie of the Las Vegas Metropolitan Police Department. Mr. Goolsby alleges that he was arrested in Las Vegas pursuant to a fugitive warrant issued in the State of Washington for "escape, homicide and failure to register as a sex offender." *Id.*, p. 4. He claims that he is entitled to a writ of habeas corpus because he was not given any legal documentation regarding the alleged charges against him. *Id.*, p. 5.

The Court, having reviewed the petition and the balance of the record, hereby finds and **ORDERS:**

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus may not be implied or inferred. A petitioner can satisfy the exhaustion requirement by providing the highest

ORDER DECLING TO SERVE PETITION AND GRANTING LEAVE TO AMEND - 1

state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

It is not enough that all of the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made. *Duncan v. Henry*, 513 U.S. 364, 366 (1995) (citing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A federal claim is "fairly and fully" presented to the state courts if the claim is presented "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted). The petitioner "must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully present the legal basis of the claim." *Id*.

The claim must be fairly presented in "each appropriate state court," that is, at each level of state review, so as to alert the state "to the federal nature of the claim," and to give it the "opportunity to pass upon and correct" alleged violations of the petitioner's federal rights. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and internal quotation marks omitted); see also *Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992). The federal basis of the claim, furthermore, must be made "explicit" in the state appeal or petition, "either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law." *Insyxiengmay*, 403 F.3d at 668; *Baldwin*, 541 U.S. at 33.

In his proposed petition for writ of habeas corpus under 28 U.S.C. § 2241, Mr. Goolsby alleges that he was arrested on in Las Vegas, Nevada on August 24, 2009 and extradicted to the State of Washington. Dkt. 4, p. 4. However, Mr. Goolsby does not indicate that he has been

ORDER DECLING TO SERVE PETITION AND GRANTING LEAVE TO AMEND - 2

sentenced to any charges or that he has appealed from any judgment relating to the charges. Specifically, the petition does not show that Mr. Goolsby has presented his claims for relief to the Washington Court of Appeals and the Washington State Supreme Court.

Additionally, Mr. Goolsby has named an individual from the Las Vegas Metropolitan Police Department as the Respondent in his habeas petition. However, Mr. Goolsby is incarcerated at the Pierce County Jail. A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2(a), 28 foll. U.S.C. § 2254; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir.1996); *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir.1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir.1992). Failure to name the petitioner's custodian deprives federal courts of personal jurisdiction over the custodian. *See Stanley*, 21 F.3d at 360.

Accordingly, the court shall not serve the petition. Mr. Goolsby shall file by no later than **September 24, 2010**, an amended petition under 28 U.S.C. § 2254 showing that his grounds for federal relief have been properly exhausted in state court or show cause why this matter should not be dismissed.

The Clerk shall send a copy of this Order to Mr. Goolsby and the court's form petition for 28 U.S.C. § 2254 petitions.

**DATED** this <u>16th</u> day of August, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER DECLING TO SERVE PETITION AND GRANTING LEAVE TO AMEND - 3