UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTWONE DORNELL GOOLSBY,<br><br>                  Petitioner,<br>    v.<br><br>DOUG GILLESPIE,<br><br>                  Respondent. | No. C10-5452 BHS/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For:  October 29, 2010** |

      This habeas corpus action, purportedly filed pursuant to 28 U. S.C. 2241, has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local MJR 3 and 4.

      Petitioner, Antwone Dornell Goolsby, is a state prisoner currently incarcerated at the Pierce County Jail, located in Tacoma, Washington. This matter came before the undersigned on Mr. Goolsby's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  Dkt. 4.  In his petition, Mr. Goolsby states that his liberty is being restrained by Doug Gillespie of the Las Vegas Metropolitan Police Department.  Mr. Goolsby alleges that he was arrested in Las Vegas pursuant to a fugitive warrant issued in the State of Washington for "escape, homicide and failure to register as a sex offender." *Id.*, p. 4. He claims that he is entitled to a writ of habeas corpus because he was not given any legal documentation regarding the alleged charges against him. *Id.*, p. 5.

REPORT AND RECOMMENDATION - 1

After reviewing the petition, the court declined to serve it because of several deficiencies. *See* Dkt. 5 (Order Declining to Serve Petition and Granting Leave to Amend).  Notably, although Mr. Goolsby alleges that he was arrested in Las Vegas, Nevada and extradicted to the State of Washington, the petition does not indicate that he has been sentenced or that he has appealed from any judgment.  Specifically, the petition does not reflect that Mr. Goolsby has presented his claims for relief to the Washington Court of Appeals and the Washington Supreme Court.  Additionally, Mr. Goolsby named an individual from the Las Vegas Metropolitan Police Department as the Respondent in his petition, but he is currently incarcerated at the Pierce County Jail.

Mr. Goolsby was advised that he should cure these deficiencies on or before September 24, 2010, or show cause why this matter should not be dismissed.  He was also provided with the court's form petition for 28 U.S.C. § 2254 petitions.  Mr. Goolsby has not responded to the court's order nor did he request additional time within which to comply with the court's deadline.

Accordingly, the undersigned recommends that the court dismiss this matter without prejudice for failure to prosecute.

## **CERTIFICATE OF APPEALABILITY**

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge.  A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues

REPORT AND RECOMMENDATION - 2

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

When the court denies a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable as to whether the petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *Slack v. McDaniel,* 120 S. Ct. 1595, 1604 (2000)

There is nothing in the record to support a conclusion that jurists of reason would find it debatable that the petition does not state a valid claim of the denial or a constitutional right and that the district court was not correct in its procedural ruling dismissing Mr. Goolsby's claims without prejudice for failure to prosecute.

## CONCLUSION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 29, 2010**, as noted in the caption.

DATED this   6th   day of October, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3